UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

Cathy M. Fisher

    Plaintiff,

    v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security Administration,

    Defendant.

Case No. 4:16-CV-66 JVB

**OPINION AND ORDER**

Plaintiff Cathy M. Fisher seeks judicial review of the Social Security Commissioner's denial of her disability benefits, and asks this Court to remand the case. For the reasons below, the Court affirms the Administrative Law Judge's decision.

**A.    Overview of the Case**

Plaintiff alleges that following surgery to remove a cyst to relieve carpel tunnel decompression pain, that Plaintiff also experienced abdominal pain, and a series of health issues that caused Plaintiff to become disabled on April 13, 2014. (R. at 159, 464.) Plaintiff had previously worked as a custodian, production line worker, chemical mixer, and assembler. (R. at 22.)

The Administrative Law Judge found that Plaintiff suffered from mild right carpel tunnel syndrome, chronic obstructive pulmonary disease, diabetes mellitus, obesity, sarcoidosis, and obstructive sleep apnea. (R. at 17.) Nonetheless, the ALJ concluded that Plaintiff could still perform past relevant work as a custodian, production line worker, chemical mixer, and

assembler. (R. at 25.) As a result, the ALJ denied Plaintiff benefits. (R. at 26.) This denial became final when the Appeals Council denied Plaintiff's request for review. (R. at 1-6).

B.   **Standard of Review**

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

C.   **Disability Standard**

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

D.   **Analysis**

Plaintiff submits that the ALJ: (1) erred when he did not find Plaintiff's sarcoidosis to be a severe impairment; and (2) erroneously discounted Plaintiff's treating physicians' opinions.

(1) ***The ALJ's finding that Plaintiff's sarcoidosis was not severe was not in error***

Plaintiff contends that the ALJ's not finding sarcoidosis to be a severe impairment caused the ALJ to make an adverse credibility determination, dismiss Plaintiff's treating rheumatologist's opinion, and provide an incorrect residual functional capacity ("RFC").

a. *The ALJ's evaluation of Plaintiff's credibility was not patently wrong*

An ALJ's credibility determinations are granted special deference and can only be overcome when they are patently wrong. *See Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010). A determination must "lack[] any explanation or support" to be patently wrong. *Schreiber v. Colvin*, 519 Fed. Appx. 951, 960 (7th Cir. 2013). And an appellate court cannot substitute its judgement for an ALJ's judgement when considering the evidence. *See id*. at 1162.

The ALJ's took many things into account during his credibility determination. (R. at 22−23). For example, the ALJ considered Plaintiff's sarcoidosis, inconsistencies in her testimony during hearings, inconsistencies between her previous evaluations about the effects these medical issues have had on Plaintiff and her abilities, and inconsistencies between the treatment she received and her alleged symptoms. (R. at 22−23).

An ALJ's credibility determination receives particular deference, and the ALJ's determination has not been shown to be patently wrong. Consequently, his credibility determination stands even if the determination is adverse to Plaintiff's claims.

b. *The ALJ's RFC Assessment was Substantially Supported*

Plaintiff asserts that because the ALJ erroneously determined that Plaintiff's sarcoidosis was not severe, his RFC assessment was not supported by substantial evidence. An ALJ only needs to support her, or his, determination with relevant evidence that reasonable minds could

3

accept supports the ALJ's conclusion. *See Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The ALJ's supported his RFC determination, he examined and discussed Plaintiff's sarcoidosis, testimony, credibility, medical history and assessments by Dr. Hazbun and Dr. Natarajan, the State agency medical consultants' opinions, and Plaintiff's medical record at large. (R. at 21−25).

Plaintiff insists that, when the ALJ discredited or omitted discussion of certain pieces of evidence, such as Dr. Kristin Highland's findings, along with a series of complaints from Plaintiff related to sarcoidosis, and certain statements made by medical professionals, that the ALJ's did not sufficiently support his RFC determination. However, an ALJ is not required to discuss every piece of evidence; he is only prohibited from ignoring an entire line of evidence that would support a finding of disability. *See Jones*, 623 F.3d at 1160. All of this evidence focuses on Plaintiff's sarcoidosis, which the ALJ examined and evaluated. Nothing serves as a new line of evidence that would lead to a finding of disability if the ALJ had examined it separately. Consequently the ALJ's RFC determination was sufficiently supported.

**(2)** *The ALJ supported his decision to discount the treating physicians' opinions adequately*

Plaintiff contends that the ALJ's decision to give the treating physicians opinions little weight was erroneous. An ALJ need only show a reasonable, logical bridge between the evidence and his determinations. *See Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Once a treating physician's opinion is inconsistent with the objective medical evidence, it no longer receives controlling weight. *See* 20 C.F.R. § 404.1527(c)(2).

The ALJ supported his decision to assign Dr. Natarajan's opinion little weight by stating that Dr. Natarajan's opinion was speculative and inconsistent with the claimant's relatively

4

routine visits and findings during those visits. Such as inconsistencies between Dr. Natarajan's treatment recommendations and the treatment Plaintiff then underwent. (R. at 23, 25). Additionally, the ALJ discussed inconsistencies between the record, Dr. Natarajan's reports, and the Plaintiff's abilities. (R. at 25). The ALJ provided Dr. Hazbun's opinion little weight because it was inconsistent with the objective medical evidence. (R. at 25). The ALJ found Dr. Hazbun's statements as being vague, inconsistent, and lacking support. (R. at 25) When supporting his determination the ALJ cited to Plaintiff's representation, who admitted that Dr. Hazbun's opinions were not specific about Plaintiff's limitations.

The ALJ evaluated and weighed the opinions of Dr. Natarajan and Dr. Hazbun appropriately. Consequently, the little weight he assigned the physician's opinions was not erroneous.

**E.    Conclusion**

The ALJ's accurately evaluated Plaintiff's claim, and sufficiently supported his findings. For the reasons stated above the ALJ's decision is affirmed.

SO ORDERED on March 26, 2018.

                                              S/ Joseph S. Van Bokkelen
                                              JOSEPH S. VAN BOKKELEN
                                              UNITED STATES DISTRICT JUDGE